THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE A. LIBBRA, Defendant-Appellant.

Fifth District    No. 5—92—0856

Opinion filed November 30, 1994.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

Defendant, Joe A. Libbra, appeals from his conviction for the offense of intimidation (720 ILCS 5/12—6(a)(1) (West 1992)) and from an order revoking his probation for the same offense. On appeal, the following issues are presented for our review: (1) whether the indictment charging defendant with intimidation was sufficient; (2) whether defendant was proved guilty of the offense of intimidation beyond a reasonable doubt; (3) whether defendant has waived certain evidentiary and jury instruction issues; (4) whether the wording of defendant's probation order is in error; (5) whether the trial court abused its discretion in ordering defendant to pay fines as a condition of his probation; and (6) whether the trial court was correct in revoking defendant's probation. We affirm.

## I. SUFFICIENCY OF INDICTMENT

The indictment is as follows:

"That sometime on January 13, 1992, at the Montgomery Service plant at 1600 North Historic Old Route 66 in the City of Litchfield in Montgomery County, Illinois, JOE A. LIBBRA, committed the offense of *INTIMIDATION* in that JOE A. LIBBRA, with the intent to cause Gary Rupert to omit the performance of any act, that being contact with certain persons specified by JOE A. LIBBRA, communicated to Gary Rupert a threat, pictorially and in writing, to harm, without lawful authority, the mother of Gary Rupert in violation of Chapter 38, Paragraph 12—6(a)(1), Illinois Revised Statutes."

The statute under which defendant was charged states as follows:

"A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he communicates to another, whether in person, by telephone or by mail, a threat to perform without lawful authority any of the following acts:

(1) Inflict physical harm on the person threatened or any other person or on property." 720 ILCS 5/12—6(a)(1) (West 1992).

On appeal, defendant contends that the indictment is fatally deficient for failing to (a) allege the manner of delivery as either in person, by mail, or by telephone, (b) allege that the threat was of "physical" harm, (c) describe the content of the communication that constituted the threat, and (d) identify the persons about whom the complainant was threatened.

Before trial, defendant filed a motion to dismiss the indictment, alleging that the statute does not prohibit communicating a threat pictorially. Defendant argued in the trial court and argues now on appeal that the statute allows only three methods of communication, in person, by mail, or by telephone. Since the indictment does not

specifically allege which of these three exclusive methods of communications defendant made, he argues that the indictment is fatally deficient. In the trial court, defendant also raised certain constitutional issues, which he does not raise on appeal. However, for the first time on appeal, defendant raises the additional issues of the indictment's failure to allege physical harm, the content of the threatening communication, and the identity of the persons whom the complainant was to avoid.

■ Where an information or indictment is challenged before trial, it must strictly comply with the pleading requirements of the Code of Criminal Procedure of 1963, which requires the State, *inter alia*, to set forth the nature and elements of the offense charged. (*People v. Thingvold* (1991), 145 Ill. 2d 441, 584 N.E.2d 89; 725 ILCS 5/111—3(a) (West 1992).) However, the standard is less stringent when the indictment or information is attacked for the first time on appeal; then it is sufficient if the indictment or information informs the accused of the precise offense charged with enough specificity so that the accused can prepare his defense and plead a resulting conviction as a bar to future prosecution arising out of the same conduct. *Thingvold*, 145 Ill. 2d 441, 584 N.E.2d 89.

■ Defendant's arguments regarding the failure to allege "physical" harm, the content of the threatening communication, and the identity of the persons with whom complainant was to avoid contact, which are raised for the first time on appeal, are not the types of errors that prevented defendant from defending himself or that will preclude him from arguing this conviction as a bar to future prosecutions for the same conduct. We note that the indictment sets forth the place where the communication was made, the Montgomery Service Plant at 1600 North Historic Old Route 66 in Litchfield, Illinois, and the date, January 13, 1992. The record demonstrates that defendant mounted an aggressive defense before, during, and after trial as to the alleged communication made on the place and date set forth in the indictment. Based upon this analysis, we hold that the indictment is not fatally defective for failing to allege physical harm, the content of the communication, or the identity of the persons with whom the complainant was to avoid contact.

■ As to defendant's allegation that the indictment is fatally defective for failure to allege that the communication was in person, by mail, or by telephone, we do not agree with defendant that the list of these three forms of communication is meant to be exhaustive or exclusive. Defendant cites no case that supports such a restrictive and narrow interpretation of the intimidation statute, and we have not found any case law or statutory history to support defendant's argument on this point.

On the contrary, the courts have determined that the purpose of the intimidation statute is to ban the making of specified threats that are intended to compel a person to act against his or her will, and the gravamen of the offense is the exercise of improper influence by making threats that are intended to coerce. (*People v. Maldonado* (1993), 247 Ill. App. 3d 149, 617 N.E.2d 236.) "Implicit in the word 'threat' as it is used in the intimidation statute is the requirement ' "that the expression in its context have a reasonable tendency to create apprehension that its originator will act according to its tenor." ' [Citations.]" *Maldonado*, 247 Ill. App. 3d at 153-54, 617 N.E.2d at 239.

Moreover, defendant's argument depends upon the meaning ascribed to a portion of the words in the intimidation statute:

> "A person commits intimidation when *** he *communicates to another, whether in person, by telephone or by mail*, a threat ***." (Emphasis added.) (720 ILCS 5/12—6(a) (West 1992).)

The primary rule when construing a statute is to ascertain and give effect to the intent of the legislature. (*People v. Shinkle* (1989), 128 Ill. 2d 480, 539 N.E.2d 1238.) Where the statutory language is plain, there is no need for interpretation. It is only where the statute is ambiguous that the rules of statutory construction are to be applied. (*People v. Dugan* (1984), 125 Ill. App. 3d 820, 466 N.E.2d 687, *aff'd in part & rev'd in part on other grounds* (1985), 109 Ill. 2d 8, 485 N.E.2d 315.) In construing the intimidation statute, at least as to the words "whether in person, by telephone or by mail," we feel that the statute is ambiguous, in that it is not clear whether the list of the methods of communication is intended to be exhaustive or merely a short list of examples of types of communications.

However, another cardinal rule of statutory construction is that the appellate court will not select a construction that leads to an absurd or illogical result. (*Dugan*, 125 Ill. App. 3d 820, 466 N.E.2d 687.) If we were to construe the statute narrowly and restrictively, as defendant proposes, the result would be both absurd and illogical. Every form of threat communicated to another with the intent to coerce the other to act against his or her will would fall outside the reach of the intimidation statute, except those communicated specifically "in person, by telephone or by mail." Under the defendant's theory, a person would be immune from prosecution for intimidation if he communicated his threat to the victim by fax, videotape, Federal Express, an agent, or another person. The defendant in the case at bar used just such novel means of conveying his threats, including yard signs, newspaper pictures and articles, television, and cryptic pictures left under rocks in front of the victim's

place of business. We refuse to construe the intimidation statute to require such an absurd result that the more bizarre or indirect the means of delivering the threat the more likely the defendant would not be in violation of the statute.

The means or method used to convey the communication of the threat is not an essential element of the offense of intimidation. The gravamen of the offense of intimidation is a threat of force, communication of that threat by any means to another person, and intent to cause that other person to perform an act or omit the performance of an act. (*People v. Blake* (1985), 130 Ill. App. 3d 948, 474 N.E.2d 892.) Therefore, the indictment adequately stated the nature and elements of the offense of intimidation without listing the manner in which the communication was made.

## II. PROOF BEYOND A REASONABLE DOUBT

Defendant makes several arguments that he was not proved guilty beyond a reasonable doubt. Once a defendant is found guilty, all of the evidence presented to the trier of fact is to be considered in the light most favorable to the State. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) As a court of review, we cannot retry the defendant or usurp the jury's function of weighing the credibility of the witnesses and the weight to be given the witnesses' testimony and the other items introduced into evidence. (*Collins*, 106 Ill. 2d 237, 478 N.E.2d 267.) The appropriate question on review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Collins*, 106 Ill. 2d 237, 478 N.E.2d 267.) After viewing the evidence presented to the jury in this case in the light most favorable to the State, we find that a rational jury could have found that there was ample circumstantial evidence to connect defendant to several acts of intimidation directed at Rupert.

The evidence adduced at trial was as follows: On December 11, 1991, defendant spoke to Gary Rupert, the victim, and accused Rupert of bothering defendant's friends. The jury heard evidence that between December 11, 1991, and January 13, 1992, the day that Rupert found a photograph of a tombstone under a rock in front of his place of business, a series of intimidating communications were delivered via mail and telephone to Rupert, his business associates, a friend, and his brother. One of the notes, found in Rupert's mailbox, was in an envelope addressed to Rupert and his wife and contained the message that defendant's favorite saying is "revenge is a dish that is best served cold." The note with the "revenge" saying was signed "Joe L." Both the envelope and the note with the "revenge" saying were identified by a forensic scientist who positively identified

the handwriting on both the envelope and the note as the handwriting of defendant. Several other exhibits of a threatening nature during this time period were positively identified by the State's expert as written by defendant. The photograph of the tombstone was inscribed with Rupert's 74-year-old mother's phone number on the back.

■ Defendant's first argument that he was not proved guilty beyond a reasonable doubt is based upon the premise that the communication must be "in person, by telephone or by mail." (720 ILCS 5/12—6(a) (West 1992).) Defendant argues that one of the communications, the picture of the tombstone, was left under a rock on the doorstep of the victim's place of business. Defendant argues, therefore, that one element of the offense, communication "in person, by telephone or by mail," has not been proved beyond a reasonable doubt.

However, as we have already stated, the method of communication is not an element of the offense (*Blake*, 130 Ill. App. 3d 948, 474 N.E.2d 892), and the methods of communication listed in the statute are not exclusive to other methods that may be conceived by those who intend to intimidate others. Thus, defendant's first argument that he was not found guilty beyond a reasonable doubt fails on that basis. His argument also fails because the evidence was clear that he communicated his threats to Gary Rupert by several methods, including "by telephone and by mail," and that leaving a picture of a tombstone under a rock was only one of defendant's more unique methods of communicating his threats.

Defendant also argues that he was not proved guilty beyond a reasonable doubt because the evidence was insufficient to connect him to the photograph of the tombstone that was the basis of the charge against him. This argument would have some persuasive value if the photograph of the tombstone was the only threat that could be ascribed to defendant. However, as we have stated, the photograph was only one of several intimidating communications that the jury could reasonably connect to defendant. The jury heard evidence that defendant placed signs in his yard that indirectly referred to Rupert and that could reasonably be considered as threatening, and that defendant telephoned Rupert and mailed several notes or letters of a threatening nature to Rupert, his brother, and his business associates. At trial, defendant argued that the State had not presented sufficient evidence to connect him to the various communications regarding Rupert. However, the jury felt there was sufficient evidence upon which to convict defendant, and the jury's decision is not irrational.

Defendant additionally argues that he was not proved guilty of communicating a threat to physically harm Rupert or anyone else.

Based upon our review of the evidence, we do not find it difficult or unreasonable to infer a threat of physical harm to Rupert and/or his mother as a result of the numerous bizarre communications by defendant aimed at Rupert directly and indirectly, including the photograph of the tombstone. There was ample circumstantial evidence from which a rational jury could find all of the elements of the offense of intimidation beyond a reasonable doubt.

For all of the reasons stated, we affirm defendant's conviction and sentence.

Affirmed.

WELCH and MAAG, JJ., concur.